UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK           (For Online Publication Only)
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                          **MEMORANDUM & ORDER**
                                                                                         2:16-cr-00605-JMA-AKT-1

           -against-

MATTHEW AICHROTH,

                               Defendant.
----------------------------------------------------------------------X

FILED
CLERK
1/28/2025 1:30 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Defendant Matthew Aichroth moves, under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, for a reduction in sentence from 216 months' imprisonment to time served. (ECF No. 49.) The Government opposes Mr. Aichroth's motion. (ECF No. 51.) For the reasons set forth below, Mr. Aichroth's motion is DENIED.

      Under 18 U.S.C § 3582(c)(1)(A)(i), a district court may reduce a sentence when (1) "extraordinary and compelling reasons warrant such a reduction," (2) the court has "consider[ed] the factors set forth in 3553(a) to the extent that they are applicable," and (3) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The November 1, 2023 Amendments to U.S.S.G. § 1B1.13 clarify that "extraordinary and compelling reasons" are to be considered expansively, including, but not limited to, the defendant's health issues, age, family circumstances, the unusual length of the his sentence, and, in combination with those factors, his rehabilitation. The Commission's 2023 Amendment adopted the Second Circuit's view in United States v. Brooker, holding unequivocally that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2d Cir. 2020).

When considering a § 18 U.S.C. 3582(c)(1)(A) motion, a district court is not bound by a binary choice of immediate release or denial. "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area—as in all sentencing matters—is broad." Brooker, 976 F.3d at 237.

A district court can only consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1) after the defendant has exhausted his administrative remedies with the BOP. Mr. Aichroth complies with this requirement. On September 29, 2023, Mr. Aichroth submitted a written request to the warden of FCI Otisville asking him to move this Court for sentence reduction. (See ECF No. 50-3.) On November 28, 2023, Mr. Aichroth filed the instant motion. (ECF No. 49.) Pursuant to the statute, a Court may consider a motion for sentence reduction

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1). Because the instant motion was made after 30 days from the warden's receipt of Mr. Aichroth's request, the Court finds that it may consider the present motion.

Mr. Aichroth asserts that his sentence should be reduced so that he may care for his mother, who "suffers from rheumatoid arthritis in her joints and osteoarthritis in both knees . . . which makes it hard for her to do her daily living routines." (ECF No. 50-3 at 5.) In a supplemental submission, Mr. Aichroth also asserts that he needs to care for his son who has accumulated many absences from high school. (ECF No. 61 at 3.) Although this Court <u>can</u> consider "family circumstances of the defendant" as a basis for a sentencing reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and <u>United States v. Brooker</u>, 976 F.3d 228, 237 (2d Cir. 2020), Mr. Aichroth's

2

circumstances do not rise to the level where such relief can be granted. See, e.g., United States v. Donato, 2024 WL 1513646, at *9 (E.D.N.Y Apr. 8, 2024) (finding no relief based solely on family circumstances where none of the criteria pursuant to U.S.S.G. § 1B1.13 (b)(3) were met); United States v. Pabon, No. 17 CR. 312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) ("[C]ourts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions before concluding that an extraordinary and compelling reason has been established.") (emphasis added); United States v. John, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (finding compassionate release not warranted where "family circumstances" are not truly extraordinary and compelling but rather the "inevitable circumstances families face when a family member is incarcerated.") Thus, while Mr. Aichroth's desire to provide care for his mother and son are commendable, the Court finds that his family circumstances do not rise to the level of "extraordinary and compelling" reasons for sentence reduction.

Furthermore, even if Mr. Aichroth had carried his burden and shown "extraordinary and compelling reasons," the Court would still deny his motion because the § 3553(a) factors weigh heavily against his early release from prison. Specifically, the Court takes notice of the August 2019 Incident Report filed by the Bureau of Prisons about nine months into Mr. Aichroth's imprisonment. (See ECF No. 53) (describing a "threatening email" Mr. Aichroth admittedly sent to his ex-wife threatening her and a "John Doe" in explicit terms if he were to be released from prison.) The Court is disturbed by the content of the Incident Report and finds that it weighs decidedly against releasing Mr. Aichroth on the need "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1)(2)(C).

As such, the Court agrees with the Government and respectfully DENIES Mr. Aichroth's motion.

**SO ORDERED.**

Dated:   January 28, 2025
        Central Islip, New York

                                                    /s/ JMA
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE